UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 18, 2021

LETTER TO COUNSEL

RE: *Timothy K. v. Kijakazi, Commissioner, Social Security Administration*
Civil No. 8:20-cv-02975-JMC

Dear Counsel:

On October 14, 2020, Plaintiff Timothy K. petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claims for a Period of Disability (PD), Disability Insurance Benefits (DIB), and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for Summary Judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's Motion and grant Defendant's Motion, thereby closing this case. This letter explains my rationale.

Plaintiff filed an application for PD and DIB on August 28, 2017, and filed his claim for SSI on September 21, 2017, all with an alleged onset date of May 15, 2017. (Tr. 17, 228). Plaintiff's claims were denied initially on February 8, 2018, and again for reconsideration on September 12, 2018. (Tr. 136, 143). A hearing was held on December 10, 2019, before Administrative Law Judge (ALJ) Richard Furcolo. (Tr. 36). Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 14-28). The Appeals Council declined review and consequently the ALJ's decision constitutes the final, reviewable decision of the SSA. (Tr. 1-6).

In arriving at the decision to deny Plaintiff's claims, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform h[is] past work given the limitations caused by h[is] medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ then assesses the claimant's RFC, "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect h[is] ability to work," by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If the claimant makes the requisite

showing, the burden shifts to the SSA at step five to prove "that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

In the instant case, the ALJ found that Plaintiff had "not engaged in substantial gainful activity since May 5, 2017, the alleged onset date." (Tr. 19). The ALJ further found that during the relevant time frame, Plaintiff suffered from the severe impairments of dysfunction of major joints, spine disorder, and obesity. (Tr. 20). Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: frequently reach overhead bilaterally frequently; occasionally climb stairs, ladders, balance, stoop, kneel, crouch, and crawl.

(Tr. 22).

The ALJ determined that Plaintiff was unable to perform past relevant work. (Tr. 26). However, after considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform other jobs existing in significant numbers in the national economy. *Id.* Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. (Tr. 28).

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

On appeal, Plaintiff advances two arguments: (1) the ALJ erroneously evaluated Plaintiff's subjective complaints; and (2) the ALJ erroneously assessed Plaintiff's RFC. (ECF No. 15, Ex. 1). For the reasons discussed below, I find that the ALJ's decision was supported by substantial evidence and the ALJ applied the appropriate legal standards. Therefore, I will deny Plaintiff's Motion for Summary Judgment (ECF No. 15), grant Defendant's Motion for Summary Judgment (ECF No. 16), and close this case.

## ANALYSIS

### I.    Plaintiff's Subjective Complaints were Properly Assessed

Plaintiff's first argument is not entirely clear. It appears that Plaintiff asserts the ALJ required objective evidence to substantiate his subjective complaints. (ECF No. 15, Ex. 1 at 3, 7).

2

Defendant conversely asserts that the ALJ "properly evaluated Plaintiff's subjective complaints based on all of the available evidence, including objective medical evidence, opinion evidence, and other evidence" consistent with SSA regulations and Fourth Circuit case law. (ECF No. 16, Ex. 1 at 4).

An ALJ must evaluate a claimant's subjective complaints under the two-step framework set out in 20 C.F.R. § 404.1529 and SSR 16-3p, 2016 WL 1119029. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020). "First, the ALJ must determine whether objective medical evidence presents a 'medically determinable impairment' that could reasonably be expected to produce the claimant's alleged symptoms." *Id.* (quoting 20 C.F.R. § 404.1529(b); SSR 16-3p, 2016 WL 1119029, at *3). Second, "the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled." *Id.* (citing 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 WL 1119029, at *4). To assess the intensity, persistence, and limiting effects of the symptoms, the ALJ considers "all of the evidence presented, including information about [] prior work record, [] statements about [] symptoms, evidence submitted by [] medical sources, and observations." 20 C.F.R. § 404.1529. Factors relevant to this evidence include: the claimant's daily activities, the dosage and effectiveness of medications, and treatment to relieve symptoms, among others. *Id.* The appropriateness of objective evidence in assessing subjective statements rests on the type of medical condition at issue. "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas*, 983 F.3d at 97. Conversely, in those cases where objective evidence is present, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. § 404.1529(2). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* Because Plaintiff has not asserted that his alleged disability does not produce objective evidence, the issue is whether the ALJ considered objective evidence *alongside* other evidence on record.

Contrary to Plaintiff's assertion, the ALJ properly considered all—both subjective and objective—evidence of record. The ALJ first highlighted Plaintiff's own reports and testimony concerning his pain and how such pain affected his daily activities. (Tr. 22). The ALJ next turned to objective evidence in the form of a CT scan and MRI, but subsequently discussed subjective physical therapy notes, self-reports, and treatments for Plaintiff's pain. (Tr. 23). Further consideration was given to Plaintiff's surgeries, self-reported recovery statuses, and medical observations from numerous doctor visits. (Tr. 23-25). Therefore, despite Plaintiff's assertion that the ALJ required objective evidence to assess Plaintiff's subjective complaints, the ALJ's analysis was more robust to include consideration of Plaintiff's subject complaints as well as other evidence. Plaintiff's argument here fails.

## II.   The RFC Analysis was Appropriate

Plaintiff's second argument asserts that the RFC was erroneous in that the ALJ (1) did not include a function-by-function assessment of Plaintiff's work-related abilities and (2) did not include a narrative discussion such that each conclusion was expressly supported by evidence. (ECF No. 15, Ex. 1 at 10, 12). Defendant argues that the ALJ included a proper RFC analysis

supported by substantial evidence, specifically contending that the ALJ (1) limited Plaintiff to "light" work which is sufficiently defined within the SSA regulations, particularly including those named "work-related abilities" and (2) explicitly discussed how the evidence supported specific conclusions.  (ECF No. 16, Ex. 1 at 12).

Social Security regulations require an ALJ to "identify the [claimant's] functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." *Mascio*, 780 F.3d at 636.  To satisfy the function-by-function analysis requirement, the ALJ must include a "narrative discussion of the claimant's symptoms and medical source opinions" to support the RFC determination. *White v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG–16–2428, 2017 WL 1373236, at *1 (D. Md. Apr. 13, 2017) (internal citation and quotations omitted). In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Petry v. Comm'r, Soc. Sec. Admin.*, CV SAG-16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (citing *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)), as amended (Dec. 13, 2000). In sum, a function-by-function assessment must include a narrative discussion that explains how certain evidence supports Plaintiff's work-related abilities and limitations.

Without pointing to any specific error in suggesting that the RFC was erroneous, Plaintiff's arguments merely request this Court to review the RFC generally. In essence, Plaintiff simply seeks a reweighing of the evidence, which is not within the purview of this Court. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (noting that the Court's role is to assess whether substantial evidence supports the ALJ's conclusion). Consequently, the Court notes the general sufficiency of the ALJ's RFC analysis which included the requisite narrative discussion for an appropriate function-by-function assessment. The ALJ provided a four-page narrative as to Plaintiff's RFC in which he summarized Plaintiff's self-reported symptoms to medical examiners and hearing testimony, made a credibility determination, reviewed Plaintiff's diagnostic laboratory testing and medical imaging, discussed Plaintiff's medical records, and weighed the opinion evidence. (Tr. 22-26). This evidence was linked to Plaintiff's ability to walk, stand, lift, and reach. Further, the ALJ expressly stated the Plaintiff's allegations of "major joint dysfunction, obesity, and cervical spine disorder" were accommodated by the "exertional, postural, and reaching limitations." (Tr. 25).  The ALJ even noted that more restrictive limitations were unnecessary due to Plaintiff's previously-discussed muscle strength and lack of gait disturbances.  *Id.*  Thus, contrary to Plaintiff's broad contention, the ALJ provided a narrative discussion identifying evidence supporting his conclusion, thereby building a logical bridge from the evidence to the conclusion. Therefore, Plaintiff's argument is without merit.

Accordingly, there is substantial evidence to support the ALJ's findings and the findings were reached through application of the correct legal standards.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED.  The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is kindly directed to CLOSE this case.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

_____/s/_____
J. Mark Coulson
United States Magistrate Judge